UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE BERMAN & RABIN DATA BREACH LITIGATION | Master File No. **2:25-cv-02051-DDC-TJJ** |
| This Document Relates To: | |

### ORDER GRANTING PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL

THIS MATTER comes before the Court by the Plaintiffs in the above-captioned case on their Motion to Appoint Interim Class Counsel (ECF No. 6). Plaintiffs request an order seeking to appoint Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC; Andrew J. Shamis of Shamis & Gentile, P.A.; John Heenan of Heenan & Cook; Jeff Ostrow of Kopelowitz Ostrow, P.A.; and Maureen Brady of McShane & Brady as Interim Class Counsel, pursuant to FED. R. CIV. P. 23(g)(3).

On April 3, 2025, U.S. Magistrate Judge Teresa J. James conducted a status conference regarding the Motion to Appoint Interim Class Counsel. Plaintiffs appeared through counsel, Lucy McShane, Mariya Weekes, Andrew Shamis, Bryce Bell, Jenilee Zentrich, Kennedy Brian, and Jeff Ostrow. Defendant appeared through counsel, Thomas Bibby, Brett Randon, and Claudia McCarron. There were no other appearances.

At the status conference, the Court raised its concerns with paragraphs 2 and 3 of the Plaintiffs' proposed order, which placed restrictions on attorneys who enter the case subsequently but are not among the Interim Class Counsel appointed in this Order. After hearing no strenuous objection to removal of these two paragraphs, the Court will enter the Plaintiffs' proposed order

with those paragraphs removed.

The Court also finds, based upon its review of Plaintiffs' motion and supporting memorandum and exhibits, that the attorneys proposed as Interim Class Counsel meet all the considerations set forth in Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Proposed Interim Class Counsel have performed substantial work investigating and litigating the potential claims to date; they possess the necessary experience, skill, and knowledge of the applicable law to prosecute the types of claims asserted in this data breach litigation; and they have and will continue to devote sufficient resources to this litigation. Finally, the proposed leadership structure has the support of the named Plaintiffs and the law firms involved in these consolidated cases, and the firms of the proposed Interim Class Counsel filed the first actions against Defendant. Given proposed Interim Class Counsel's extensive relevant experience and expertise, the Court is confident of their ability to work together as a team to effectively, efficiently, and cooperatively litigate these consolidated cases. Accordingly, the Court grants Plaintiffs' Motion to Appoint Interim Class Counsel (ECF No. 6).

**IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court hereby appoints **Mariya Weekes** of Milberg Coleman Bryson Phillips Grossman, PLLC; **Andrew J. Shamis** of Shamis & Gentile, P.A.; **John Heenan** of Heenan & Cook; **Jeff Ostrow** of Kopelowitz Ostrow, P.A.; and **Maureen Brady** of McShane & Brady as Interim Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action. Interim Class Counsel shall have the responsibilities set forth below:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties;

- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

2. Interim Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

**IT IS SO ORDERED.**

Dated: April 4, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge